Herbert, J.,
dissenting. I am unable to concur in the per curiam opinion of the majority in cause No. 35352.
The pertinent facts are undisputed. The House journal for May 14, 1957 (page 16), shows the adoption of House Joint Resolution No. 34 as originally introduced, which proposed to amend Section 6, Article XVIII of the Ohio Constitution, by adding the words, “provided that such fifty per centum limitation shall not apply to the sale of water and sewage services.” This was the only proposed change contained in the original resolution. The vote was yeas 108, nays 3, followed by the names of the members voting as indicated.
The Senate journal for May 22nd shows the acceptance of the report of the Standing Committee on Municipal Affairs, recommending four specific amendments (set out in full) to House Joint Resolution No. 34 and further recommending its adoption when so amended.
The Senate journal for May 28th shows that “Amended House Joint Resolution No. 34” was taken up. The text which follows (page 33) is an exact copy of original House Joint Resolution No. 34. The vote was yeas 29, nays 0, with the names of the Senators voting listed. The House journal for the same date, May 28th, shows (page 65) receipt of a message from the Senate that the Senate had concurred in the adoption of “Amended House Joint Resolution No. 34” with the same four amendments specified as are contained in the Senate journal for May 22nd (page 6) and requesting the concurrence of the House in the four specified amendments. The House vote is then shown (page 66) as yeas 118, nays 0, followed by the names of the members voting. The Senate journal for May 29th (page 3) records a message from the House that it had concurred in these Senate amendments.
*12 In the face of these unanimous “yea” votes of both branches of the General Assembly and the language of Amended House Joint Resolution No. 34 as it appears in engrossed form, authenticated by the Speaker of the House in the presence of the House (House journal, June 6, page 1) and by the President of the Senate in the presence of the Senate (Senate journal, June 6, page 2), this court is being asked to permanently nullify such action because of a clearly apparent clerical error in the preparation of the Senate journal for May 28th. Either the title or the text of the joint resolution as it appears therein is incorrect. They are not reconcilable.
In the light of these circumstances, I am again impressed with the logic and good sense of the decision of this court in the case of Ritzman v. Campbell, 93 Ohio St., 246, 112 N. E., 591, L. R. A. 1916E, 1251. Recognizing the fact that there an enrolled bill was under consideration rather than a proposed constitutional amendment as here, I see no reason whatever to distinguish the situation as to the principle involved. It was there held that an “enrolled bill, so authenticated, is conclusive upon the courts as to the contents thereof.” The force of that holding seems equally authoritative here.
Nichols, C. J., in his opinion (page 262), recognized the pressures of the closing days of a legislative session in the following language:
“The joint enrolling committees of the General Assembly and the clerical forces of both bodies are fairly overrun with bills, and must of necessity labor to the point of exhaustion.
“The wonder is not that some mistakes creep into our laws, but rather that more serious and blundering errors are not to be found. It is really a tribute to the efficiency of the clerical forces of the General Assembly that so much of certainty and correctness is had.”
The majority are of the opinion that the language of Section 1 of Article XVI, “such proposed amendments shall be entered on the journals,” is mandatory to such an extent that the obvious clerical error made in the preparation of the Senate journal for May 28th constitutes a failure of compliance. In my judgment, a close examination of the House journal and the Senate journal covering all references to this proposed constitu *13 tional amendment discloses such compliance as to clearly, validate and support the engrossed copy of the joint resolution unanimously passed as “Amended” House Joint Resolution No. 34 and authenticated by the Speaker of the House and the President of the Senate.
In People, ex rel. Elder, Treas., v. Sours (1903), 31 Colo., 369, 74 P., 167, 102 Am. St. Rep., 34, a relatively similar situation was presented. The court there upheld the validity of the proposed constitutional amendment in the language as it was enrolled and authenticated. This same principle was. followed in the case of Martien v. Porter (1923), 68 Mont., 450. See, also, People, ex rel. Board of Supervisors, v. Loomis, 135 Mich., 556, 98 N. W., 262.
In my view, the provision of Section 17 of Article II, that “the presiding officer of each house shall sign publicly in the presence of the house over which he presides, while the same is in session, and capable of transacting business, all bills and joint resolutions passed by the General Assembly,” is equally controlling with the provisions of Section 1 of Article XVI and, there being no dispute as to the authentication made in this case, I am of the opinion that no injunction should be allowed to prevent the Secretary of State from submitting the proposed amendment to Section 6 of Article XVIII, as so authenticated, to the electorate of Ohio for a vote on the question of its adoption.